---

(5 Misc. Rep. 276.)

### In re McCARTHY'S ESTATE.

(Surrogate's Court, New York County. October, 1893.)

TRANSFER TAX—ENFORCEMENT—CERTIFICATE OF REASONABLE CAUSE.

Under Laws 1892, c. 399, § 15, which provides that, where the surrogate shall certify that there was probable cause of issuing a citation to enforce the transfer tax, the state treasurer shall pay all expenses incurred, the district attorney, on an application for such certificate, must furnish evidence that there was probable cause for the proceeding; and an affidavit which merely states that the proceeding was commenced in good faith is insufficient.

Application by the district attorney for a certificate that there was probable cause for instituting a proceeding to compel payment of a transfer tax. Denied.

I. P. Ripinsky, for the district attorney.

Edgar J. Levey, for the comptroller.

RANSOM, S. This is an application, on notice to the comptroller, for a certificate, under section 15, c. 399, of the Laws of 1892, that there was probable cause for issuing the citation and taking proceedings herein on the part of the district attorney. It is based on the affidavit of Mr. Ripinsky, the transfer tax clerk in the district attorney's office, having charge of the proceeding, which alleges the filing of the petition to compel the payment of the tax and the procurement of an issuance of an order for a citation; "that said proceeding was so commenced in good faith, and after the district attorney had been notified by the comptroller of the city of New York, pursuant to law, that the transfer tax had not been paid on said estate." Section 15 of the act provides that if the comptroller shall have reason to believe that any tax is due he shall notify the district attorney, who, if he shall have probable cause to believe that such tax is due and unpaid, shall apply to the court for a citation why the tax should not be paid. The surrogate, upon such application, and whenever it shall appear to him that any such tax has not been paid, shall issue a citation, "and the time, manner and proof thereof, and the hearing and determination thereon, and the enforcement of the determination or order made

by the surrogate shall conform to the provisions of the Code of Civil Procedure for the service of citations out of the surrogate's court, and the hearing and determination thereon, and its enforcement so far as the same may be applicable." The costs awarded by any such decree after collection and payment of the tax to the comptroller may be retained by the district attorney for his own use. Whenever the surrogate shall certify that there was probable cause for issuing a citation and taking the proceedings specified in this section, the state treasurer shall pay to the comptroller all expenses incurred for the service of citations and other lawful disbursements not otherwise paid. The section then provides for the representation of the comptroller in voluntary proceedings brought to have the tax fixed, and the payment of the expenses thereof. It will be seen, therefore, that the section provides clearly and systematically for the manner in which the expenses of these three different proceedings shall be defrayed: First. For proceedings instituted by the district attorney, in which he is successful in collecting the tax. That it refers to successful proceedings is apparent from the provision that the costs may be retained by the district attorney for his own use. Such costs, except as to the amount, are governed by the section of the Code and the rules of the court applicable to other proceedings therein. Rule 22 prescribes the practice whenever a party shall deem himself entitled to costs, which include any disbursements to which he may believe himself entitled. See section 2559, Code Civil Proc. Second. For proceedings in which the district attorney is unsuccessful. This is intended as a precaution against the indiscriminate commencement of proceedings without sufficient preliminary inquiries, and calls for the judicial determination by the surrogate upon proof that there was probable cause for commencing the same. The affidavit in the case at bar simply sets forth that the comptroller notified the district attorney, and that the proceedings were commenced in good faith. It furnishes no evidence as to the facts and circumstances from which the court may form an opinion as to the existence of probable cause. That the comptroller believed that there was a tax due, and that the district attorney had probable cause to believe that the tax was due, is not sufficient basis on which this court should find judicially that probable cause existed. Third. The third class of cases provided for by this section are those in which voluntary proceedings are brought by persons interested in the estate. I conclude, therefore, that, in proceedings in which the district attorney is successful, the costs and disbursements to which he may deem himself entitled must be taxed in the manner provided by rule 22 of this court, and cannot be otherwise allowed; that in proceedings in which he is unsuccessful he must show that fact, and furnish evidence to establish probable cause. Thus I recall an instance in which such a proceeding was brought, where it appeared from the will that a legacy was given in an amount rendering it liable to taxation to a stranger for services rendered. A proceeding was instituted by the district attorney, and upon the hearing before

the appraiser it was developed by the oral testimony taken that the legacy in question was in fact given in liquidation of a claim which might have been enforced against the estate by action. In that case, though the district attorney was unsuccessful, he had an undoubted right to investigate the matter for the purpose of satisfying himself that the recital in the will was not a subterfuge for avoiding the payment of the tax. This would have been a proper case for the issuance of a certificate upon the facts being shown, but the court should not be called upon to rely upon his recollection for each individual case, nor be required to examine the records of the court to ascertain the facts in any particular case. A certificate will only be granted where an affidavit is filed disclosing all the pertinent facts, and giving data from which the court may be able to make independent investigation if desired.